IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MAMIE L. CAYSON, as Administratrix of the Estate     PLAINTIFF
of MARY I. KNOWLES, Deceased and on Behalf
of the Wrongful Death Beneficiaries of MARY I.
KNOWLES, Deceased

V.     CIVIL ACTION NO.: 1:07CV2-SA-JAD

AURORA CARES, LLC, d/b/a TARA CARES;
TUPELO NURSING & REHABILITATION
CENTER, LLC; and JOHN DOES 1-20     DEFENDANTS

## MEMORANDUM OPINION GRANTING DEFENDANTS' MOTION TO DISMISS

Comes now before this Court, Defendants' Motion to Compel Arbitration or Alternatively, Motion to Dismiss for Lack of Subject Matter Jurisdiction. Having considered the submitted briefs, this Court finds that there is no basis for exercising subject matter jurisdiction over claims alleged in the Complaint. Therefore, the Motion to Dismiss is granted.

Federal courts have subject matter jurisdiction only where a question of federal law is involved or where there is diversity of citizenship between parties and the amount in controversy exceeds $75,000. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). The burden of establishing federal jurisdiction rests on the plaintiff. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). Plaintiff's Complaint asserts several causes of action, none of which involve questions of federal law. Likewise, there is no diversity of citizenship.

The diversity statute 28 U.S.C. § 1332, requires "complete diversity" of citizenship, ie., a district court cannot exercise jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992). Absent complete

diversity, this matter must be dismissed.

According to the Complaint, Plaintiff Mamie Cayson is an adult resident citizen of Marshall County, Mississippi, and Defendant Tupelo Nursing and Rehabilitation Center, LLC, is a Mississippi corporation, with its principal place of business located in Tupelo, Lee County, Mississippi. Having found that this action involves non-diverse parties, the Plaintiff must assert a federal question in order to establish subject matter jurisdiction in the district court. As noted above, the Plaintiff has not. The Court is without subject matter jurisdiction over this matter.

Therefore, because neither a federal question or diversity of citizenship exists, this case should be dismissed. For the foregoing reasons, the Court finds that the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is well taken and is granted. The Court will not consider the Motion to Compel Arbitration raised by the Defendant, and it is dismissed as moot.

Also before the Court are (1) a motion by the Plaintiff to Strike Defendants' Motion to Compel Arbitration as Untimely [19]; and (2) a motion by the Defendants to Deem Motion to Compel Arbitration/Dismiss as Granted [27]. Because this case is dismissed for lack of jurisdiction, all outstanding motions are dismissed as moot.

A separate order in accordance with this opinion shall issue this day.

This the 2nd day of July 2008.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**